**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

ANTHONY MEEKS,

    Plaintiff,

v.                                          Case No. 19-10868

JOHN SOLOMONSON, DONALD
RICUMSTRICT, GARY MOHR, DERICK
STARRS, VICKI LEWIS, DAVE MARTIN,
AND JOHN DOE,

    Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND OVERRULING PLAINTIFF'S OBJECTIONS**

    Plaintiff Anthony Meeks brings this civil rights action, arising out of his incarceration at the Gus Harrison Correctional Facility, against several Michigan Department of Corrections ("MDOC") Defendants. (ECF No. 1.) Plaintiff complains that his constitutional rights were violated in various ways, alleging that he was subjected to threatening, discriminatory, retaliatory, and harassing behavior as a result of his filing of a grievance against MDOC correctional and medical staff. (ECF No. 49, PageID.469.) Several Defendants and claims have already been dismissed. (*See* ECF No. 16.)

    On June 25, 2021, Defendants John Solomonson, Donald Ricumstrict, Gary Mohr, Derick Starrs, Vicki Lewis, and Dave Martin moved for partial summary judgment based on Plaintiff's failure to exhaust all of his administrative remedies before filing suit. (ECF No. 38; ECF No. 49, PageID.468.) On October 12, 2021, Magistrate Judge Altman issued a Report and Recommendation ("R&R") that recommended granting in

part and denying in part the MDOC Defendants' motion. (ECF No. 49, PageID.481.) Specifically, the R&R recommends dismissing Defendants Mohr, Starrs, and Solomonson based on a failure to exhaust, but it explains that the claims against Defendants Ricumstrict and Martin pertaining to their denial of Plaintiff's religious services should not be dismissed. (*Id.*, PageID.477-81.) It also recommends, as Defendants concede, that the claim against Defendant Lewis for destruction of Plaintiff's legal materials should not be dismissed on exhaustion grounds. (*Id.,* PageID.480-81.) Plaintiff filed objections in response. (ECF No. 51.)

On July 13, 2021, Plaintiff filed a motion to appoint counsel, claiming he is unable to represent himself due to his lack of cognitive ability and poor communication skills. (ECF No. 41, PageID.302-03.) Magistrate Judge Altman denied the motion (ECF No. 43), and Plaintiff filed an objection. (ECF No. 47.)

The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, the court will adopt Magistrate Judge Altman's R&R and overrule Plaintiff's objections.

The filing of timely objections to an R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* United States v. Raddatz, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015). This de novo review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(3).

2

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995)). Plaintiff's objections to both the order denying his motion to appoint counsel and the R&R are not only challenging to understand but also present vague, generalized disagreement with the magistrate judge's findings. Instead of objecting to discrete portions of an order or R&R, Plaintiff has presented what amount to mere recitations of his allegations or complaints that Defendants are "making inaccurate statement[s] to the facts." (*See, e.g.*, ECF No. 51, PageID.492-93.) He has effectively failed to make an objection to any of the magistrate judge's central findings.

To the extent Plaintiff attempts to object to any findings in the R&R regarding the primary issue of exhaustion, he does not direct the court to evidence that would undermine Magistrate Judge Altman's conclusions. In his discussion of exhaustion of administrative remedies, Plaintiff apparently points to a lack of clarity under the Prison Litigation Reform Act as to how to properly submit a grievance, and he argues that Defendants should not be permitted to use a failure to exhaust remedies as an affirmative defense where they know Plaintiff does not "know the law" or how to properly respond to their defenses. (*Id.*, PageID.494-95.) But none of his statements regarding the grievance process cut against Magistrate Judge Altman's findings. The R&R is sound and relies upon uncontradicted evidence such as Plaintiff's MDOC misconduct summaries and grievance reports; by contrast, Plaintiff's objections are off-point, vague, and unsubstantiated.

3

Thus, Magistrate Judge Altman's R&R demonstrates that she conducted a thorough review of the evidence and made specific findings as to each of Defendants' exhaustion defense. Plaintiff, however, has presented only "vague, general, or conclusory objections," and the court therefore deems the R&R unobjected to. *See Cole*, 7 F. App'x 354, 356 (6th Cir. 2001). "Even when afforded a liberal construction, [Plaintiff's] objections merely rehashed arguments he previously made, making them general objections having the same effect as a failure to object." *Young v. Jackson-Mitchell*, No. 19-3904, 2020 WL 1481615, at *2 (6th Cir. Feb. 12, 2020), *cert. denied*, 141 S. Ct. 280 (2020).

For the same reasons, Plaintiff's objections to the magistrate judge's order denying a request for counsel will be overruled. The broadly stated disagreements with the order do not amount to proper objections. Moreover, the court agrees with Magistrate Judge Altman that "[Plaintiff's] claim that his imprisonment will make it difficult to conduct discovery is a difficulty shared by all imprisoned litigants and is not unique." (ECF No. 43, PageID.311.) Such a claim does not entitle Plaintiff to counsel in a civil proceeding, especially where, as the magistrate judge also noted, Plaintiff has presented "no evidence that he has been adjudicated incompetent, and he has not alleged that he is insane or mentally retarded, or that any licensed medical psychologist or psychiatrist has diagnosed him with any severe psychological disorder." *Marr v. Foy*, No. 1:07-cv-908, 2008 WL 5111849, *4 (W.D. Mich. Dec. 3, 2008). Accordingly,

IT IS ORDERED that the R&R (ECF No. 49), which grants in part and denies in part Defendants' "Motion for Partial Summary Judgment," is ADOPTED in its entirety and incorporated by reference. Defendants Mohr, Starrs, and Solomonson are entitled

4

to summary judgment based on a failure to exhaust and are therefore DISMISSED WITHOUT PREJUDICE. Plaintiff's remaining claims—those against Defendants Ricumstrict and Martin for denial of religious services and against Defendant Lewis for destruction of legal materials—may go forward.

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 47) to Magistrate Judge Altman's "Order Denying Motion to Appoint Counsel" are OVERRULED.

                                                      s/Robert H. Cleland
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 19, 2022, by electronic and/or ordinary mail.

                                                       s/Lisa G. Wagner
                                                     Case Manager and Deputy Clerk
                                                     (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10868.MEEKS.AdoptingR&R.MAZ.docx