# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY MEEKS,

    Plaintiff,

v.                                                           Case No. 19-10868

DONALD RICUMSTRICT, VICKI LEWIS,
DAVE MARTIN, and JOHN DOE(s),

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, SUA SPONTE DISMISSING JOHN DOE DEFENDANTS, AND DENYING AS MOOT RECENTLY FILED MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Anthony Meeks brings this civil rights action, arising out of his incarceration at the Gus Harrison Correctional Facility, against several Michigan Department of Corrections ("MDOC") Defendants. (ECF No. 1.) Plaintiff complains that his constitutional rights were violated in various ways, alleging that he was subjected to threatening, discriminatory, retaliatory, and harassing behavior as a result of his filing of a grievance against MDOC correctional and medical staff. (ECF No. 49, PageID.469.) The case was referred to Magistrate Judge Kimberly G. Altman to hear and determine all pre-trial matters. (ECF No. 29.)

At this point, most of the Defendants and claims have already been dismissed (ECF Nos. 16, 53.) Only claims against Defendants Donald Ricumstrict, Dave Martin, Vicki Lewis, and John Doe defendants remain.

Ricumstrict, Lewis, and Martin moved for summary judgment. (ECF Nos 65.) In her Report and Recommendation ("R&R"), the Magistrate Judge recommended that the motion be granted and that the court sua sponte dismiss all John Doe defendants. (ECF No. 83.) Plaintiff objected to the R&R (ECF No. 84), and Defendants filed a Response (ECF No. 85).[1] Recently, Plaintiff also filed a "Motion for Appointment of Counsel" (ECF No. 87.)

Having reviewed the record, the court does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will overrule Plaintiff's Objections, adopt the Magistrate Judge's recommendations, and enter summary judgment in favor of Defendants. The court will also deny Plaintiff's newly filed motion for appointment of counsel as moot.

## I. STANDARD

Pursuant to Federal Rule of Civil Procedure 72, a party may "file specific written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b)(2). The objections "must: (A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d)(1). This process provides the court "the opportunity to consider the specific contentions of the parties," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), and "enables the [court] to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

---

[1] Plaintiff also filed a "Respon[se] to the Defendants Response [sic.] to the Magistrate Report in [sic.] Recommendation after Fourteen Days." (ECF No. 86.)

2

The court reviews *de novo* only the portions of a R&R to which proper objections have been filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). It is well-established that "the district court need not provide *de novo* review where the objections are [f]rivolous, conclusive or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citations omitted); *see also Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object."); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[O]bjections must be clear enough to enable the district court to discern those issue that are dispositive and contentious."); *Howard v. Sec. of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (holding that "a general objection to the entirety of a magistrate's report, without specifying a single issue of contention" was not a proper objection).

## II. DISCUSSION

Plaintiff is not without guidance as to how to raise objections to the R&R in a way that would facilitate the court's review. The R&R clearly states, "Any objections must be labeled as 'Objection No. 1,' 'Objection No. 2,' etc. Any objection must recite precisely the provision of th[e] Report and Recommendation to which it pertains." (ECF No. 83, PageID.779.). Additionally, in its previous Opinions and Orders overruling Plaintiff's Objections, the court has consistently made clear that the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir.

3

2001) (citing *Miller*, 50 F.3d at 380. (*See* ECF No. 53, PageID.507-08; ECF No. 71, PageID.659.)[2]

Yet, Plaintiff now brings similar defective objections as he has previously made. (*Id.*) His 'objections'[3] are challenging to understand, discuss matters that are not relevant to the issues presented in the R&R, and fail to "pinpoint[s] those portions of the [M]agistrate [J]udge's report that the [] court must specially consider." *Mira*, 806 F.2d at 637. It is entirely unclear as to how or why Plaintiff believes the R&R is erroneous or contrary to law. For example, Plaintiff repeatedly claims that Defendants violated MDOC Administrative Rules and Procedures (ECF No. 84, PageID.783-791), but he provides no explanation as to how these alleged violations relate to the R&R, the Magistrate Judge's analysis, or even his claims.

Additionally, Plaintiff has presented what amount to recitations of his allegations or complaints pertaining to the court's previous rulings on the dismissed claims and other matters, such as the appointment of counsel. (ECF No. 84, PageID.780-783.) "Even when afforded a liberal construction, [Plaintiff's] objections merely rehashed arguments he previously made, making them general objections having the same effect as a failure to object." *Young v. Jackson-Mitchell*, No. 19-3904, 2020 WL 1481615, at *2 (6th Cir. Feb. 12, 2020), *cert. denied*, 141 S. Ct. 280 (2020). Accordingly, the court need not scrutinize the Magistrate Judge's analysis. Nonetheless, having reviewed the R&R, the court finds the Magistrate Judge's recommendation sound and relies upon

---

[2]      Despite the court's caution (ECF No. 71, PageID.659), Plaintiff also has failed to comply with Eastern District of Michigan Local Rule 5.1(a), which mandates that all papers submitted to the court must be double-spaced.
[3]      Plaintiff labels these "Response to Objection." (ECF No. 84, PageID.783-92.)

4

uncontradicted evidence such as Plaintiff's prison records; by contrast, Plaintiff's objections are off-point, vague, and unsubstantiated.

### III. CONCLUSION

The R&R demonstrates that the Magistrate Judge fully reviewed the evidence and arguments presented by the parties and came to the correct legal conclusion. Plaintiff, however, has presented objections that are confusing and defective. Accordingly,

IT IS ORDERED that Plaintiff's Objections (ECF No. 84) are OVERRULED.

IT IS FURTHER ORDERED that the R&R (ECF No. 83) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendants Ricumstrict, Lewis and Martin's "Motion for Summary Judgment" (ECF No. 65) is GRANTED and that all John Doe defendants, including those named by Plaintiff's Response (ECF No. 79) to the December 1, 2022 Order to Show Cause (ECF No. 79), are SUA SPONTE DISMISSED. A separate judgment will be issued.

IT IS FURTHER ORDERED that Plaintiff' "Motion for Appointment of Counsel" (ECF No. 87) is DENIED AS MOOT.

                                           s/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: March 27, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 27, 2023, by electronic and/or ordinary mail.

                                           s/Lisa G. Wagner
                                           Case Manager and Deputy Clerk
                                           (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10868.MEEKS.Objectionsto12723RR.NH.docx